1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

FILED
LODGED — ENTERED
— RECEIVED

DEC 2 3 2004 **MR**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LEXISNEXIS COURTLINK, INC., a
Delaware corporation,

Plaintiff,

v.

MICHAEL DUNN, an individual,

Defendant.

No. **CV04-2532**

VERIFIED COMPLAINT FOR
TEMPORARY, PRELIMINARY AND
PERMANENT INJUNCTIVE RELIEF



**04-CV-02532-CMP**

## PARTIES

1.     Plaintiff LexisNexis CourtLink, Inc. ("CourtLink") is a Delaware corporation

with its principal place of business at 13427 NE 16th Street, Suite 100, Bellevue, Washington

98005.  CourtLink is part of the LexisNexis Group of businesses managed from LexisNexis

headquarters in Dayton, Ohio.

2.     Defendant Michael Dunn ("Dunn") is an individual residing at 2151 Jamieson

Avenue, Unit 1903, Alexandria, Virginia 22314.

VERIFIED COMPLAINT FOR TEMPORARY,
PRELIMINARY AND PERMANENT INJUNCTIVE
RELIEF – Page 1

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

ORIGINAL

1

## JURISDICTION AND VENUE

2    3.    This Court has subject matter jurisdiction over this action pursuant to 28

3    U.S.C. § 1332 because there is diversity of citizenship between CourtLink and Dunn, and the

4    amount in controversy, exclusive of interest and costs, is in excess of $75,000.  Dunn has

5    misappropriated and, on information and belief, has disclosed and used confidential and

6    proprietary information and trade secrets of CourtLink, which actions are causing CourtLink

7    immediate irreparable harm.  Disclosure and use of CourtLink's confidential and proprietary

8    information and trade secrets will cause substantial harm to CourtLink in an amount that is

9    difficult or impossible to quantify, but in no event less than $75,000.

10    4.    Venue is proper in this District under 28 U.S.C. § 1391(a) because a

11    substantial part of the events or omissions giving rise to CourtLink's claims occurred in this

12    judicial district.  Dunn's misappropriation of confidential and proprietary information, and the

13    conduct causing harm to CourtLink described below, took place in part in this District, and

14    the harm to CourtLink from Dunn's disclosure and use of confidential and proprietary

15    information and trade secrets arises, in substantial part, in this District.

16    5.    This Court has personal jurisdiction over Dunn.  Dunn's wrongful conduct that

17    is the basis for the claims alleged in this complaint arose in part out of Dunn's transaction of

18    business in Washington, and causing injury to CourtLink in Washington, in that, among other

19    things, (1) Dunn was trained and paid by CourtLink in this judicial district; (2) Dunn obtained

20    and is misusing trade secrets and other confidential secrets that are maintained by CourtLink

21    on its computer system in Bellevue, Washington; and (3) in the course of his work, Dunn

22    frequently traveled to and communicated with CourtLink's headquarters, and maintained an

23    office, in this judicial district.

24

VERIFIED COMPLAINT FOR TEMPORARY,
PRELIMINARY AND PERMANENT INJUNCTIVE
RELIEF – Page 2

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

## DUNN'S WRONGFUL ACTS

6.    CourtLink is in the business of, among other services, providing electronic access to court records, including dockets and other documents, as well as providing electronic alerts and tracking and advanced searches of court documents. In December 2001, Dunn was hired by CourtLink with responsibility for sales and court development relating to electronic filing in state courts.

7.    As a condition of his employment with CourtLink, Dunn signed a LexisNexis CourtLink Non-Compete/Non-Disclosure/Non-Solicitation Agreement (the "Agreement") in which he acknowledged that he would acquire trade secrets and confidential and proprietary information of CourtLink ("CourtLink Confidential Information") and agreed to certain nondisclosure obligations. A copy of the Agreement is attached as Exhibit A.

8.    In addition to and separate from his obligations under the Agreement, Dunn owed a duty of loyalty to CourtLink as its employee.

9.    Dunn also was and is required by the common law and by statute to preserve in confidence all proprietary and trade secret information that he learned during the course of his employment.

10.   Among other things, Dunn had duties and responsibilities for sales and court development relating to products known as File and Serve and CourtLink. During his employment with CourtLink, Dunn did in fact learn and use substantial proprietary and trade secret information regarding CourtLink's products. While working for CourtLink, Dunn was CourtLink's primary (and often only) interface with CourtLink's customers and prospective customers.

11.   The CourtLink Confidential Information obtained and used by Dunn during the course of his employment with CourtLink included but was not limited to product

VERIFIED COMPLAINT FOR TEMPORARY,
PRELIMINARY AND PERMANENT INJUNCTIVE
RELIEF -- Page 3

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1   information, sales data, business strategies and other proprietary information that could be

2   used by competitors to the detriment of CourtLink.

3       12.    The Confidential Information to which Dunn had access is known only to a

4   small number of CourtLink employees. CourtLink takes measures to maintain the

5   confidentiality of this information because electronic filing is a highly competitive

6   marketplace, and CourtLink's Confidential Information derives economic value from being

7   known only to CourtLink employees.

8       13.    Under Section 1 of the Agreement, Dunn agreed, during and after his

9   employment with CourtLink, to hold in strict confidence all CourtLink Confidential

10  Information, and not to use either directly or indirectly CourtLink Confidential Information

11  for any purpose. Dunn agreed, specifically and without limitation, not to reveal, report,

12  publish, disclose or transfer any portion of CourtLink confidential information to any person

13  or entity and not to utilize any CourtLink Confidential Information in connection with

14  soliciting business from or providing services or products of any kind to any of CourtLink's

15  customers or prospective customers.

16      14.    Under Section 3 of the Agreement, Dunn agreed that, for a period of one year

17  immediately following the termination of his employment with CourtLink, he would not

18  become an agent or employee of any enterprise (including corporations, partnerships,

19  proprietorships or other ventures) that competes with CourtLink's business as conducted

20  during the period of his employment with CourtLink.

21      15.    Under Section 3.3 of the Agreement, the territory in which Dunn agreed not to

22  compete was defined to mean:

23          3.3.1   a zone inside of a 100 mile radius of each of the counties or
                    parishes in which my customer accounts are located or in which
24

VERIFIED COMPLAINT FOR TEMPORARY,
PRELIMINARY AND PERMANENT INJUNCTIVE
RELIEF – Page 4

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

I performed services on behalf of LexisNexis Courtlink, directly or indirectly (whether for compensation or otherwise); or

    3.3.2   a zone inside of a 100 mile radius of each of the counties or parishes in which LexisNexis Courtlink has officers or customers; or

    3.3.3   any state of the United States and the District of Columbia (including all territories, possessions and protectorates) in which LexisNexis Courtlink does business or has customers, distributors, supplies or licensors; or

    3.3.4   any foreign country in which LexisNexis Courtlink does business, either directly or through agent or distributors, or has customers, distributors, suppliers or licensors."

16.    As of November 2004, Dunn was employed as Director of Court Development by CourtLink. His sales territory encompassed the entire United States.

17.    In approximately October, 2004, Dunn informed CourtLink that he intended to leave CourtLink's employment in November 2004. Dunn originally told at least one of his supervisors that he had accepted a position with Exxon, a company that does not compete with CourtLink.

18.    Dunn subsequently admitted to CourtLink that he had not been "forthright" and in reality he was going to work for BearingPoint, Inc. ("BearingPoint"). BearingPoint is a direct competitor of CourtLink in the electronic filing business. Dunn would not tell CourtLink what position he was accepting with BearingPoint, but he represented in meetings at CourtLink's Bellevue headquarters that he would be working exclusively on a project unrelated to electronic filing. Dunn sent an e-mail to his supervisor, Michael Gersch, stating that "I feel badly that I was not more forthright with respect to naming the company that I am going to work for at the time I submitted my oral notice of resignation," and that he was

VERIFIED COMPLAINT FOR TEMPORARY, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF – Page 5

1  "sorry if I was less than honest with respect to my employment opportunity with

2  BearingPoint." A copy of this email is attached as Exhibit B.

3      19.   CourtLink took Dunn at his word when he told them that he would not be

4  involved in BearingPoint's electronic filing business. CourtLink offered to waive

5  enforcement of the Agreement in this instance to the extent that it prohibited Dunn from

6  accepting employment with CourtLink's competitor BearingPoint, if Dunn would affirm in

7  writing that he would not be involved in BearingPoint's electronic filing business. Dunn

8  failed or refused to provide such written assurance.

9      20.   In fact, Dunn has been involved in BearingPoint's electronic filing business.

10  Both CourtLink and BearingPoint sent representatives to a conference entitled "eCourts",

11  which was sponsored by the National Conference of State Courts. The conference was held

12  in Las Vegas, Nevada, from December 13-15, 2004. Dunn attended the conference as part of

13  BearingPoint's sales team. When Dunn met Robin Castro, a CourtLink employee, at the

14  conference, Dunn said "You don't see me here."

15      21.   At the conference, Dunn was observed working in BearingPoint's sales booth.

16  He also was seen on multiple occasions soliciting CourtLink customers and prospective

17  customers for whom he had been a main point of contact while employed by CourtLink.

18      22.   Through his position with CourtLink, Dunn developed relationships with many

19  of CourtLink's key customers and prospective customers. Dunn also gained intimate

20  knowledge of CourtLink's Confidential Information and trade secrets. Because of these facts,

21  Dunn is in a unique position to compete against CourtLink using confidential information

22  only known to CourtLink employees.

23      23.   CourtLink, in contrast, is at a competitive disadvantage because it does not

24  have an employee or employees that can immediately fill the role played by Dunn. CourtLink

VERIFIED COMPLAINT FOR TEMPORARY,
PRELIMINARY AND PERMANENT INJUNCTIVE
RELIEF – Page 6

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1    will have to train an employee to take Dunn's former position, and that employee will need

2    substantial time to develop the expertise that Dunn gained while working for CourtLink.

### FIRST CLAIM FOR RELIEF
(Enforcement of Agreement)

5        24.    CourtLink incorporates by reference the allegations of paragraphs 1-23 as if

6    fully restated.

7        25.    Dunn breached Section 1 of the Agreement by, among other actions, using

8    CourtLink Confidential Information to solicit CourtLink's customers and prospective

9    customers.

10       26.    In Section 4 of the Agreement, Dunn acknowledged that the CourtLink

11   Confidential Information that he obtained through the course of his employment is unique,

12   irreplaceable, and valuable and that it is extremely difficult to ascertain the amount of

13   compensation that would afford adequate relief to CourtLink for Dunn's breach of the

14   provisions of Section 1 of the Agreement.

15       27.    Dunn further agreed in Section 4 of the Agreement that CourtLink shall be

16   entitled to equitable remedies, including without limitation, specific performance and

17   preliminary or other injunctive relief, to enforce the Agreement.

18       28.    Unless enjoined, Dunn will continue to violate his covenant not to compete in

19   Section 3 of the Agreement through his employment by BearingPoint.

20       29.    As a result of his employment with CourtLink, Dunn has detailed and

21   comprehensive knowledge of CourtLink Confidential Information and trade secrets.

22   Employment of Dunn by BearingPoint or any other direct competitor of CourtLink will result

23   in the inevitable disclosure and use of CourtLink's trade secrets to competitors and cause

24   immediate and irreparable harm to CourtLink.

VERIFIED COMPLAINT FOR TEMPORARY,
PRELIMINARY AND PERMANENT INJUNCTIVE
RELIEF – Page 7

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

30. CourtLink has no adequate remedy at law. CourtLink is entitled to injunctive relief to restrain and enjoin the misappropriation of its valuable proprietary and confidential trade secrets and information misappropriated by Dunn in violation of the Agreement.

### SECOND CLAIM FOR RELIEF
(Misappropriation of Trade Secrets)

31. CourtLink incorporates by reference the allegations of paragraphs 1-30 as if fully restated.

32. The Confidential Information to which Dunn had access during his employment with CourtLink contains trade secrets protected by the Ohio Trade Secrets Act, Ohio Rev. Code §§ 1333.61-.69.

33. The Confidential Information of CourtLink derives independent economic value, actual or potential, from not being generally known to and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use.

34. CourtLink has taken steps reasonable under the circumstances to maintain the secrecy of its Confidential Information.

35. Dunn misappropriated these trade secrets by taking or copying them, using them without permission and distributing or threatening to distribute them to third parties, in violation of the Ohio Trade Secrets Act.

36. Upon information and belief, Dunn's actions have been willful and malicious and done with the specific intent to harm CourtLink.

37. Dunn's conduct has caused and will continue to cause irreparable harm to CourtLink, for which it has no adequate remedy at law.

VERIFIED COMPLAINT FOR TEMPORARY,
PRELIMINARY AND PERMANENT INJUNCTIVE
RELIEF – Page 8

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1          38.       Unless Dunn is enjoined from continuing his wrongful acts, the harm to

2     CourtLink will continue.

3                                         PRAYER FOR RELIEF

4          WHEREFORE, CourtLink demands judgment in its favor and against Dunn as

5     follows:

6                    (1)       granting a temporary, preliminary and permanent injunction enjoining

7                              Dunn, his agents, servants, employees, successors and assigns, and any

8                              other individual or entity within his control or supervision, and all other

9                              persons or entities in active concert or participation with him, from any

10                             of the following conduct:

11                             (a)       using or disclosing, directly or indirectly, any CourtLink

12                                       Confidential Information or trade secrets;

13                             (b)       retaining directly or indirectly, and regardless of the form, any

14                                       CourtLink Confidential Information or trade secrets; or

15                             (c)       being employed directly or indirectly by any enterprise that

16                                       competes with CourtLink's business as conducted by it during

17                                       the period of Dunn's employment with CourtLink in the United

18                                       States;

19                   (2)       ordering the immediate return to CourtLink of its confidential and

20                             proprietary information;

21                   (3)       awarding CourtLink its costs;

22                   (4)       awarding to CourtLink its attorneys' fees pursuant to Ohio Rev. Code

23                             § 1333.64; and

24

VERIFIED COMPLAINT FOR TEMPORARY,
PRELIMINARY AND PERMANENT INJUNCTIVE
RELIEF – Page 9

1   (5) awarding to CourtLink such other and further relief as this Court deems

2      just and appropriate.

3

4  DATED this _23rd_ day of December, 2004.

5         CORR CRONIN LLP

6

7

8         Kelly P. Corr, WSBA No. 555
          Michael A. Moore, WSBA No. 27047

9         Attorneys for Plaintiff

10        OF COUNSEL:

11        Charles J. Faruki
          Thomas R. Kraemer

12        Donald E. Burton
          Erin E. Stefanec

13        FARUKI IRELAND & COX P.L.L.
          500 Courthouse Plaza, S.W.

14        10 North Ludlow Street
          Dayton, OH 45402

15        Telephone: (937) 227-3705
          Telecopier: (937) 227-3717

16        E-mail: cfaruki@ficlaw.com

17

18

19

20

21

22

23

24

VERIFIED COMPLAINT FOR TEMPORARY,
PRELIMINARY AND PERMANENT INJUNCTIVE
RELIEF – Page 10

## VERIFICATION

STATE OF WASHINGTON     }
                              } SS:

COUNTY OF KING            }

        Robin Castro, being first sworn upon oath, states:

    1.    I am Vice President of LexisNexis CourtLink, Inc., and have held that position for 2 ½ years.

    2.    Except for those allegations made on information and belief, I have personal knowledge of the facts set forth in this Verified Complaint. To the best of my knowledge, the facts alleged in this Verified Complaint are true.

                          Robin Castro

Sworn to before me and subscribed in my presence by the said Robin Castro, this

21 day of December, 2004.

                                  Notary Public King County

145997.1

12

**EXHIBIT A**

# LEXISNEXIS COURTLINK
## NON-COMPETE/NON-DISCLOSURE/NON-SOLICITATION AGREEMENT
### (Not for use in California)

In consideration of (i) my original employment or continued employment by LexisNexis Courtlink, Inc. including any of its subsidiaries or affiliated companies, and any of its or their successors or assigns, (hereinafter collectively referred to as 'LexisNexis Courtlink'), and (ii) the compensation paid me during my employment by LexisNexis Courtlink, I, the undersigned, agree as follows:

**1.**     **CONFIDENTIAL INFORMATION AND TRADE SECRETS**

1.1     I acknowledge that the business of LexisNexis Courtlink involves valuable, confidential and proprietary data, information and trade secrets of various kinds that I will have access to during my employment with LexisNexis Courtlink, which is called "LexisNexis Courtlink Confidential Information" and is defined below.

1.2     "LexisNexis Courtlink Confidential Information" means any information, data or other materials of LexisNexis Courtlink or of any individual or entity in the possession of LexisNexis Courtlink that is (i) proprietary or confidential to LexisNexis Courtlink or designated as LexisNexis Courtlink Confidential Information by LexisNexis Courtlink, (ii) not generally known by non-LexisNexis Courtlink personnel, and (iii) acquired by, disclosed to or known by me as a result of or through my relationship with LexisNexis Courtlink (including information conceived, originated, discovered or developed in whole or in part by me). LexisNexis Courtlink Confidential Information includes, but is not limited to, the following types of information and other information of a similar nature (whether or not reduced to writing):

1.2.1     any and all information relating to or otherwise concerning LexisNexis Courtlink's customers and prospective customers, suppliers and licensors including, the identities thereof, the nature of LexisNexis Courtlink's relationships with its customers, suppliers and licensors, the business information of LexisNexis Courtlink's customers and prospective customers and potential customers and the types and amount of products acquired by customers from LexisNexis Courtlink;

1.2.2     sales, marketing and product development plans, marketing techniques, price lists, pricing policies, market forecasts and sales volume;

1.2.3     LexisNexis Courtlink's various proprietary computer systems (including software) and proprietary rights therein including, without limitation, proprietary computer and related equipment, computer programs (whether identified as software, firmware or other and on whatever media), object code, source code, documentation, manuals, data, proprietary hardware and software support systems, and methods, techniques and algorithms or organizing or applying the same;

1.2.4     developments, improvements, inventions, ideas, processes, procedures, discoveries, concepts, designs, drawings, specifications, molds, data, and "know-how";

1.2.5     financial information, including, without limitation, sales and revenue information and financial statements;

1.2.6     product or service information, including, without limitation, product and data file designs and specifications, product development plans, product strategy and product delivery systems;

1.2.7     any information, not generally known, concerning LexisNexis Courtlink or its operations, products, personnel, finances, business relationships with third parties or businesses, which, if used or disclosed, could adversely affect the business of LexisNexis Courtlink, or give a competitor an advantage over those without access to such information; and

1.2.8     any information described above which LexisNexis Courtlink obtained or obtains from any individual or entity and which such individual or entity treats as proprietary or which is designated as LexisNexis Courtlink Confidential Information or which is designated with a legend indicating that it is confidential or proprietary, whether or not owned or developed by LexisNexis Courtlink.

INFORMATION PUBLICLY KNOWN THAT IS GENERALLY EMPLOYED IN THE INDUSTRY AT OR AFTER THE TIME I FIRST LEARN OF SUCH INFORMATION, OR GENERIC INFORMATION OR KNOWLEDGE WHICH I WOULD HAVE LEARNED IN THE COURSE OF SIMILAR EMPLOYMENT OR WORK ELSEWHERE IN THE TRADE, SHALL NOT BE DEEMED LexisNexis Courtlink CONFIDENTIAL INFORMATION.

1.3     During and after my employment with LexisNexis Courtlink, and except to the extent required during the course of my employment with LexisNexis Courtlink, I will hold in strict confidence all LexisNexis Courtlink Confidential Information and I will not use, either directly or indirectly, LexisNexis Courtlink Confidential Information for any purpose, and specifically without limiting the generality of the foregoing, I will not:

1.3.1     reveal, report, publish, disclose or transfer any portion of LexisNexis Courtlink Confidential Information to any person or entity;

1.3.2     assist any person or entity other than LexisNexis Courtlink to secure any benefit from any LexisNexis Courtlink Confidential Information;

1.3.3     utilize any LexisNexis Courtlink Confidential Information in connection with soliciting business from or providing services or products of any type to any of LexisNexis Courtlink's customers or prospective customers;

1.3.4     perform services, whether as a principal, partner, employee, director, consultant, or independent contractor, for or on behalf of any person or entity in which the use, disclosure or transfer of LexisNexis Courtlink Confidential Information is likely to occur unless I can establish by clear and convincing evidence that the use, disclosure or transfer of LexisNexis Courtlink Confidential Information is not likely to occur.

**2.**     **NON-SOLICITATION**

Because of and in consideration of (i) the extensive knowledge of LexisNexis Courtlink Confidential Information provided to and possessed by me, including LexisNexis Courtlink's customer, distributor, licensor and/or supplier lists, (ii) the personal relationships and good will fostered and intended to be fostered between me (on behalf of LexisNexis Courtlink) and LexisNexis Courtlink's customers, licensees, licensors, employees, distributors and/or suppliers with whom I have or will have contact, (iii) the time and expense incurred by LexisNexis Courtlink in training me and supporting my job performance, and (iv) the highly competitive nature of LexisNexis Courtlink's business, I will not, during the period I am employed by LexisNexis Courtlink or at any time during the period of twelve (12) months immediately following the termination of my employment with LexisNexis Courtlink (for any reason or for no reason whatsoever), either directly or indirectly, solicit or attempt to solicit, interfere with, entice away from LexisNexis Courtlink or adversely affect LexisNexis Courtlink's relationship with any customer, licensee, licensor, distributor, source of supply, independent contractor or employee of LexisNexis Courtlink (whether actual or prospective). In addition, I will not, during the twelve (12) month period described above, authorize or knowingly condone or assist any individual or entity in taking any actions that I am prohibited from taking described above.

**3.**     **NON-COMPETITION**

3.1     Because of and in consideration of my employment and the items described in Paragraph 2(i)–(iv) above, during my employment with LexisNexis Courtlink and for a period of one (1) year immediately following the termination of my employment with LexisNexis Courtlink (for any reason or for no reason whatsoever) I will not in the Territory (defined below):

3.1.1     own, manage, operate, join, control or participate in the ownership, management, operation or control of, or furnish any capital to or be connected in any manner (whether alone or as a partner, officer, director, employee, agent or shareholder) with, or provide any advice or services as a consultant for i) Thomson Corporation (Legal, Tax, Public Records and Intellectual Property), Wolters Kluwer (Legal Publishing), or any of their parents, affiliates, subsidiaries, partnerships and successors of these companies; or ii) any enterprise (including, without limitation any corporation, partnership, proprietorship or other venture) which competes with LexisNexis Courtlink's business as conducted during the period of my employment with LexisNexis Courtlink; or

3.1.2     become an agent or employee of i) Thomson Corporation (Legal, Tax, Public Records and Intellectual Property), Wolters Kluwer (Legal Publishing), or any of their parents, affiliates, subsidiaries, partnerships and successors of these companies; or ii) any enterprise (including corporations, partnerships, proprietorships or other ventures) which competes with LexisNexis Courtlink's business as conducted during the period of my employment with LexisNexis Courtlink.

3.2     I understand that nothing contained in this Agreement shall be deemed to prevent me from (i) purchasing or owning, directly or beneficially, as a passive investment, less than five percent (5%) of any class of the publicly traded securities of any corporation, or (ii) accepting employment with a competing enterprise whose business is diversified and where the part of its business in which I am to become employed does not compete with LexisNexis Courtlink's business, so long as LexisNexis Courtlink, prior to me accepting such employment, receives separate written assurances satisfactory to LexisNexis Courtlink, in the sole exercise of its discretion, from the competing enterprise and me that I will not render services in an area

competitive with LexisNexis Courtl(      ousiness as conducted during the period of my emplo(      : with LexisNexis Courtlink.

3.3 As used herein, the term "competes with LexisNexis Courtlink's business" means any business whose efforts are in competition with the efforts of LexisNexis Courtlink_, which includes any business whose efforts involve any research and development, products or services in competition with the products or services which are, during and at the end of my employment, either (a) produced, marketed or otherwise commercially exploited by the Company or b) in actual or demonstrably anticipated research or development by the Company.

The term "Territory" means any of the following to the extent applicable:

3.3.1 a zone inside of a 100 mile radius of each of the counties or parishes in which my customer accounts are located or in which I performed services on behalf of LexisNexis Courtlink, directly or indirectly (whether for compensation or otherwise); or

3.3.2 a zone inside of a 100 mile radius of each of the counties or parishes in which LexisNexis Courtlink has offices or customers; or

3.3.3 any state of the United States and the District of Columbia (including all territories, possessions and protectorates) in which LexisNexis Courtlink does business or has customers, distributors, suppliers or licensors; or

3.3.4 any foreign country in which LexisNexis Courtlink does business, either directly or through agents or distributors, or has customers, distributors, suppliers or licensors.

**4. RELIEF**

Because, during my employment with LexisNexis Courtlink, I will gain unique expertise and experience in the field of LexisNexis Courtlink's business and the time and expense incurred by LexisNexis Courtlink in training me and supporting me, I acknowledge and agree that the services to be performed hereunder by me are of a special, unique, unusual, extraordinary or intellectual character which are of peculiar value, the loss of which cannot be reasonably or adequately compensated in damages. I also acknowledge and agree that LexisNexis Courtlink Confidential Information is unique, irreplaceable and valuable. Therefore, it would be extremely difficult to ascertain the amount of compensation which would afford adequate relief to LexisNexis Courtlink for the breach by me of any of the provisions of Paragraphs 1, 2 and 3 hereof, and, accordingly, I acknowledge and agree that LexisNexis Courtlink shall be entitled to equitable remedies including, without limitation, specific performance and injunctive relief (preliminary or otherwise) to enforce the above-described provisions of this Agreement.

**5. CONSTRUCTION**

This Agreement and the rights and obligations of the parties hereunder shall be governed by and construed in accordance with the internal laws of the State of Ohio.

**6. SEVERABILITY**

The restrictive covenants contained in this Agreement relating to LexisNexis Courtlink Confidential Information and my non-competition and non-solicitation obligations are independent of each other and each of the remaining provisions of this Agreement. If any provision of this Agreement shall be determined, under applicable law, to be unlawful, void, or, for any reason, unenforceable, such provision shall be narrowed and/or interpreted so as to operate only to the broadest extent permitted by applicable law, and any provisions which cannot be so limited or interpreted shall be deemed stricken from, and shall in no way affect the validity or enforceability of, the remaining provisions of this Agreement. Without limiting the foregoing, to the extent any provision of this Agreement shall be determined, under applicable law, to be overly broad in duration, geographical coverage or substantive scope, such provision shall be deemed narrowed to the broadest extent permitted by applicable law.

**7. WAIVER**

A waiver by LexisNexis Courtlink of any provision of this Agreement or with respect to a similar agreement with any employee of LexisNexis Courtlink shall not operate or be understood as a waiver of any subsequent breach of the same provision of this Agreement by me. Waivers, if any, to be effectively asserted against LexisNexis Courtlink must be in writing and signed by an officer of LexisNexis Courtlink.

**8. ENTIRE AGREEMENT AND AMENDMENT**

8.1 I acknowledge and agree that this Agreement represents the entire agreement and understanding between the parties hereto regarding my employment with LexisNexis Courtlink and supersedes any and all previous written or oral agreements or discussions between the parties and any other person or legal entity.

8.2 I further acknowledge and agree that nothing set forth in this Agreement or in any LexisNexis Courtlink guidelines, policies, rules, regulations or procedures relating to my employment with LexisNexis Courtlink, including those relating to any termination or grievance procedures, nor any course of conduct by LexisNexis Courtlink (nor any aspect thereof) in this regard, shall be construed to confer any right or expectation with respect to my original and continued employment by LexisNexis Courtlink, nor shall it interfere in any way with LexisNexis Courtlink's right to terminate my employment at any time, with or without cause, for any reason or for no reason at all.

8.3 This Agreement shall not be modified, amended, or in any way altered except by an instrument in writing, signed by both of the parties hereto.

**9. REPRESENTATIONS REGARDING PRIOR CONTRACTS**

I represent and warrant that I have not entered into any prior contract or agreement of any kind that will be violated or that will interfere in any manner with the complete performance of my duties in connection with my employment with LexisNexis Courtlink.

**10. SUCCESSORS AND ASSIGNS**

I acknowledge and agree that the rights and obligations of LexisNexis Courtlink and me under this Agreement shall inure to the benefit of and shall be binding upon the successors and assigns of the parties. Without limiting the foregoing, this Agreement and my rights and obligations hereunder shall remain in full force and effect in the event I am transferred to an "affiliate" of LexisNexis Courtlink, in which case all references herein to LexisNexis Courtlink shall be deemed references to such affiliated entity as well.

IN WITNESS WHEREOF, I have executed this Agreement as of the date written below.

_(Signature)_

_12/5/01_
(Date)

_Michael Dunn_
(Print Name)

_Alexandria, VA     USA_
(City, County, State, Country)

2

**EXHIBIT B**

From:   Dunn, Michael (LNG-HBE)
Sent:   Wednesday, October 27, 2004 12:22 PM
To: Gersch, Michael (LNG-SEA)
Subject:    resignation

Michael,

I just wanted to let you know that I have been thinking about things and I feel badly that I was not more forthright with respect to naming the company that I am going to work for at the time that I submitted my oral notice of resignation. To be honest, it is very difficult for me to leave LexisNexis/Courtlink after all of these years and I was afraid that you would try to convince me to stay, particularly if you knew where I intended to go.

Please understand that my decision to leave LexisNexis/CourtLink is due, in large part, to financial reasons. I will need to help support my mother (due to her illness and age) and Bearing Point has made me an offer that is in line with these financial needs. In addition, the position is likely to be challenging and more aligned with my long-term career goals.

When I gave my resignation, I felt it was my duty to give a four week notice to help you and department transition. I plan to honor it and will be in Seattle the next two weeks (Nov 3rd - Nov 12th), with November 12th being my last day. I'll work with Marie, David and Mary to smoothly transition all knowledge and relationships. I extended an offer to each of them to call or email me anytime in the future with questions.

While I certainly did not intend to do so, I am sorry if I was less than honest with respect to my employment opportunity with Bearing Point. I value our relationship and apologize for any misunderstandings. Please feel free to call me if you would like to discuss this further.

Have a great day.

Michael Dunn | Director | LexisNexis CourtLink | Washington DC Mobile +1 703.587.4740 | Direct +1 703.567.9274